GUTIÉRREZ, PLAINTIFF–APPELLEE–APPELLANT, *v.* HEIRS OF RAFAEL GUTIÉRREZ ET AL., DEFENDANT–APPELLANT–APPELLEES.

APPEAL from the District Court of San Juan in an Action of Nullity of Judgment.

No. 2255.—Decided March 31, 1921.

JUDGMENT—APPEARANCE—WAIVER—MINORS—SUMMONS.—A judgment having been set aside at the instance of certain defaulting defendants only as to them, the other defendants, most of whom were minors, moved that the nullity of the judgment be made extensive to them because the judgment was not divisible or severable. The court sustained the motion and held also that the judgment was void because the defendant minors had not been summoned personally. *Held:* That the district court should have confined itself to the question before it and that in any event as the minors were represented by their mother and executrix and appeared by their attorney at the commencement of the action, filing pleadings, taking part in the trial, introducing evidence and appealing, any defect found in the summons should be considered as cured and the defendants waived the question raised by the court.

APPEAL.—A motion for the dismissal of an appeal must be made before or at the time of the hearing.

The facts are stated in the opinion.
*Messrs. Guerra & Soldevila* for the appellant-appellees.
*Mr. Juan de Guzmán Benítez* for the appellee-appellant.
MR. JUSTICE DEL TORO delivered the opinion of the court.

This appeal was taken by the plaintiff in the same action wherein she took appeal No. 2204, which was disposed of by this court on January 18, 1921. The former appeal was from an order of the District Court of San Juan setting aside the judgment for the plaintiff as to certain defendants because the said defendants had not been duly summoned.

As may be seen, *ante,* page 27, this court reversed the order setting aside the judgment entered in the action and left the judgment in full force. This would have put an end to the matter, but while appeal No. 2204 was pending the other defendants moved the district court to set aside the judgment as to them also on the ground that the judgment was not divisible and severable among the defendants. The district court sustained that motion and the plaintiff thereupon took the present appeal.

1. A statement of the facts is sufficient to show that this appeal must be governed by the principles laid down in the opinion which served as a basis for the judgment entered by this court in appeal No. 2204 on January 18, 1921, inasmuch as the same questions are involved.

2. However, the district court seems to have based its ruling also on the fact that the petitioners were minors and had not been personally summoned according to law, notwithstanding the fact that the petitioners themselves did not raise that question. The appellant and also the appellee have taken up this question in their briefs and this is what has complicated the matter to some extent.

In our opinion the court should have considered only the issue as it was presented. Besides, it appeared from the record that the defendants who made the second motion, Isabel Mimoso and her children, had appeared by counsel, the minors being represented by their mother with *patria potestas,* who was also the executrix, from the very inception of the action by filing pleadings, participating in the trial and discussing the issues in the same manner as they are now doing in order to interpose this appeal and raise these questions. This being so, any defect that might be found in the summons should be considered as corrected by the appearance of the defendants. It may be said that the defendants waived the question raised by the court *motu propio.*

3. The appellees also maintain in their brief that the judgment was null and void because it was taken by default against the defendants who filed the first motion to set it aside and it did not appear that the unofficial person who served the summons was eighteen years old. The appellees cite the case of *Lyons* v. *Cunningham*, 66 Cal. 43.

The same question was disposed of by this court in the case of *Buonomo* v. *Succession of Juncos*, 28 P. R. R. 380, and cases therein cited, in the manner indicated by the appellees, but it was for the other defendants in default and not these to raise that question and they did not. Moreover, the return shows that it is at least doubtful whether that doctrine can be applied to this case, for the conclusion is possible that, although imperfectly stated, the return does show that the person who served the summons was more than eighteen years of age.

4. Finally, after the hearing on the appeal the appellees made a motion for its dismissal because no notice of the appeal was given to the defaulting defendants. The appellant moved that that motion be struck out or overruled.

A motion for dismissal should be made before or at the beginning of the hearing on the appeal and failure to do this would be a sufficient reason for striking out the motion referred to, but even going into its merits, we think that it should be overruled because, considering the very special circumstances of this case, it was not necessary to give such notice to the defaulting co-defendants.

*Reversed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice Aldrey took no part in the decision of this case.